**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PAUL DAVID URBANCZYK,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 16-12139

Hon. Marianne O. Battani

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court are Plaintiff Paul David Urbanczyk's objections (Dkt. 27) to Magistrate Judge Elizabeth A. Stafford's July 21, 2017 Report and Recommendation ("R & R") (Dkt. 26). The R & R recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 16), grant the Defendant Commissioner of Social Security's motion for remand (Dkt. 19, 25), and remand this matter to the Defendant Commissioner under sentence four of 42 U.S.C. § 405(g) for correction of the time period covered by the challenged decision of the Administrative Law Judge ("ALJ"). For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II. STATEMENT OF FACTS

Neither party objects to the Magistrate Judge's account of the background facts concerning Plaintiff's claims for Social Security benefits and medical history. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241 (internal quotation marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion."

*Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation marks and citation omitted). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV. ANALYSIS

Plaintiff objects to the R & R on two grounds. First, he takes issue with the Magistrate Judge's determination that the ALJ identified sufficient reasons, backed by substantial evidence, for discounting the opinions of Plaintiff's treating and examining physicians regarding Plaintiff's mental and physical impairments and resulting limitations. Next, he contends that the Magistrate Judge's harmless error analysis should trigger a finding of disability under the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app'x 2. The Court addresses each of these objections in turn.

As his first challenge to the R & R, Plaintiff reiterates the principal argument advanced in his underlying motion for summary judgment: namely, that the ALJ impermissibly "played doctor" by discounting the opinions of Plaintiff's treating and examining physicians, and instead substituting her own views as to the limitations

3

resulting from Plaintiff's mental and physical impairments.  Turning first to the evidence of his mental impairments, Plaintiff notes that the ALJ gave no weight to the opinions of either of the two medical professionals who evaluated Plaintiff's mental health condition, and he surmises that the ALJ must have improperly relied on her own, non-expert review of the medical record in determining that Plaintiff's mental impairments were not severe.

The Magistrate Judge ably identified the flawed premise underlying this argument.  As observed in the R & R, "it is [Plaintiff's] burden to demonstrate that he suffers from severe mental impairments." (Dkt. 26, R & R at 9.)  Yet, it is indisputably the responsibility of the ALJ to evaluate the medical and non-medical evidence in order to identify Plaintiff's limitations and determine his residual functional capacity ("RFC"), and "[a]n ALJ does not improperly assume the role of a medical expert" by performing these tasks. *Coldiron v. Commissioner of Social Security,* No. 09-4071, 391 F. App'x 435, 439 (6th Cir. Aug. 12, 2010).  As explained by the Magistrate Judge, once the ALJ considered the opinions of the two mental health professionals who evaluated Plaintiff and determined that these opinions were entitled to no weight, it readily followed — and the ALJ properly concluded — that Plaintiff had not met his burden of establishing that he suffers from a severe mental impairment that would "preclude[] him from performing basic work activities." (Dkt. 26, R & R at 9, 12.)[1]  In the absence of evidence supporting a claimant's allegation of a severe impairment with attendant limitations, an ALJ does

---

[1] Moreover, the Magistrate Judge found that substantial evidence supported the ALJ's decision to discount the opinions of the two healthcare professionals who evaluated Plaintiff's mental condition, (*see id.* at 9-12), and Plaintiff does not take issue with this aspect of the Magistrate Judge's analysis.

4

not "play doctor" by declining to incorporate the alleged impairment and limitations into an RFC finding.

Likewise, as for Plaintiff's contention that the ALJ also "played doctor" in discounting the opinions of various medical professionals regarding Plaintiff's physical limitations, the Court again agrees with the Magistrate Judge that the ALJ instead engaged in the appropriate function of determining, in light of the record, what weight should be given to these opinions. (*See id.* at 14-21.) Contrary to Plaintiff's assertion that the ALJ "simply ignored medical opinions as to [Plaintiff's] physical limitations" and substituted "her own independent conclusions" on matters that demand medical expertise, (Dkt. 27, Plaintiff's Objections at 4), the Magistrate Judge carefully reviewed the ALJ's decision and found (i) that the ALJ had supplied the requisite "good reasons" for discounting the opinion of Plaintiff's treating physician, Dr. Harris, (R & R at 15-17), (ii) that substantial evidence supported the ALJ's determination to give little weight to the opinion of Dr. Glowacki, an examining physician, (*id.* at 17-19), and (iii) that the ALJ's decision to discount a portion of the opinion of another examining physician, Dr. Montasir, was likewise supported by substantial evidence, (*id.* at 20-21).[2]

While Plaintiff evidently takes issue with certain aspects of the Magistrate Judge's analysis on these points, he fails to suggest any basis for this Court to disturb the Magistrate Judge's ultimate conclusions. Regarding the ALJ's assessment of the opinion of Dr. Harris, Plaintiff emphasizes the Magistrate Judge's recognition that Dr.

---

[2]Alternatively, to the extent that the ALJ might have erred in her assessment of Dr. Montasir's opinion, the Magistrate Judge opined that any such error was harmless. (*See id.* at 21.) The Court addresses this finding of harmless error below.

5

Harris's November 30, 2012 opinion "may have been relevant" as "offered within months" after Plaintiff's last ensured date of June 30, 2012. (*Id.* at 15.) Yet, the Magistrate Judge then went on to address the other reasons given by the ALJ for discounting this opinion — most notably, that it was "based primarily on [Plaintiff's] subjective complaints," and consisted in part of "checked boxes" without reference to objective findings from Dr. Harris's examinations of Plaintiff — and concluded that these reasons were "supported by substantial evidence." (*Id.* at 16-17.) Plaintiff has not identified any infirmities in these findings, and they provide an ample basis for upholding the ALJ's decision to discount Dr. Harris's opinion.

Similarly, although Plaintiff accuses the Magistrate Judge of engaging in "unsupported speculation" by suggesting a possible link between Dr. Harris's November 30, 2012 opinion and Dr. Glowacki's "extreme findings" in a November 14, 2012 examination of Plaintiff, (Plaintiff's Objections at 5-6 (citing R & R at 19)), Plaintiff again fails to challenge the remainder of the Magistrate Judge's analysis of the ALJ's decision to accord little weight to Dr. Glowacki's opinion, (*see* R & R at 18-19). Finally, as for Plaintiff's complaint that the ALJ "erroneously suggested that only subjective complaints supported" the opinion of Dr. Montasir regarding Plaintiff's lower extremity limitations, (Plaintiff's Objections at 7), the Court concurs in the Magistrate Judge's finding that the ALJ stayed within her proper role of evaluating the medical evidence for the purpose of determining Plaintiff's RFC, as opposed to engaging in unwarranted "interpret[ation] [of] raw medical data beyond her expertise," (R & R at 21). In particular, the ALJ fairly read Dr. Montasir's report as relying largely on Plaintiff's subjective complaints to opine that Plaintiff could not walk beyond a quarter of a block, stand for more than 30 minutes at a

time, or bend, (*see* ALJ Decision at 10, Admin. Record at 21 (citing Admin. Record at 290, 294)), and Plaintiff's different reading of this report rests upon his own effort to "play doctor," as it were, by forging explicit links (as Dr. Montasir himself did not) between objective findings and specific limitations in Plaintiff's ability to walk, stand, or bend.

Alternatively, even if the ALJ erred in discounting Dr. Montasir's opinion as to Plaintiff's limited ability to walk, stand, or bend, the Magistrate Judge determined that any such error would be harmless in light of the testimony of the vocational expert ("VE") that "jobs would exist in the national economy even with the[se] additional limitations." (R & R at 21.) As his second objection to the R & R, Plaintiff contends that this harmless error analysis runs afoul of the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app'x 2, rule 201.14, because acceptance of these additional limitations would effectively restrict Plaintiff to sedentary work, and would therefore mandate a finding of disability for an individual who, like Plaintiff, was approaching advanced age on his last insured date.[3]

This argument is defeated by the VE's testimony at the administrative hearing. Specifically, after the VE identified a number of light work positions that a hypothetical

---

[3]Of course, given the Court's conclusion that the ALJ did not err in discounting a portion of Dr. Montasir's opinion, there is no need to even rely on harmless error analysis to overcome this purported deficiency in the ALJ's decision. Moreover, while the Defendant Commissioner raised the issue of harmless error in the course of the parties' briefing on their underlying summary judgment motions, (*see* Dkt. 25, Defendant's Motion for Remand and Response to Plaintiff's Motion, Mem. in Support at 21-22), Plaintiff addressed this matter for the first time in his objections to the R & R. Under these circumstances, Plaintiff has likely forfeited his opportunity to challenge the R & R on this ground. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000). Nonetheless, the Court elects to address this objection on the merits.

7

claimant with Plaintiff's background and limitations could perform, the ALJ then asked whether this hypothetical claimant would still be able to perform these jobs if he were further limited to "stand[ing] up for a half hour at a time" and "need[ed] opportunities to either sit or walk, but [his] walking would be limited to maybe a quarter of a city block." (Admin. Record at 81.) The VE responded that these additional limitations, reflecting "essentially a sit/stand option," would "reduce the number[] [of positions] by approximately two-thirds," leaving "2,000 assembly [jobs], 1,300 packaging, and 700 inspection." (*Id.*) When asked whether a further limitation to "occasional postural activities such as climbing stairs or crouching or crawling or kneeling or stooping or bending" would "affect these jobs at all," the VE responded in the negative. (*Id.*)

Thus, as the Magistrate Judge correctly observed, the VE "testified that jobs would exist in the national economy even with the additional limitations" identified in Dr. Montasir's report. (R & R at 21.) To the extent that Plaintiff suggests that these additional limitations would effectively restrict him to sedentary rather than light work, and thereby trigger a finding of disability under the Medical-Vocational Guidelines, the courts have rejected the contention that a claimant who is limited to less than a full range of light work should be deemed restricted to sedentary positions. *See, e.g., Ramirez v. Commissioner of Social Security,* No. 10-12042, 2011 WL 3359689, at *7-*8 (E.D. Mich. May 10, 2011), *adopted in* 2011 WL 3359668 (E.D. Mich. Aug. 4, 2011). Accordingly, the Court finds no infirmity in the Magistrate Judge's harmless error analysis.

**V.     CONCLUSION**

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's July 21, 2017 report and recommendation (Dkt. 26) in its entirety, and **OVERRULES** Plaintiff's August 4, 2017 objections to the report and recommendation (Dkt. 27). Accordingly, Plaintiff's motion for summary judgment (Dkt. 16) is **DENIED**, Defendant's motion for remand (Dkt. 19, 25) is **GRANTED**, and this matter will be remanded to the Defendant Commissioner under sentence four of 42 U.S.C. § 405(g) for the limited purpose identified in the Magistrate Judge's report and recommendation.

**IT IS SO ORDERED.**

Date: September 28, 2017   s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 28, 2017.

s/ Kay Doaks
Case Manager